THE STATE v. GERBER, *Appellant*

**Instructions.** Where there is no evidence upon which to base an instruction, it is properly refused.

*Appeal from Jefferson Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*T. H. McMullin* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

HOUGH, C. J.—The defendant was indicted in the circuit court of Jefferson county for selling fermented liquors on Sunday. He was tried by the court without the aid of a jury, by consent of parties, and was found guilty and fined. The defendant has appealed, but has filed no brief. No question was made in the court below as to the sufficiency of the indictment, and it is only necessary to say that we regard it as sufficient.

It appears from the record that the defendant, who was a farmer, had wine in his possession which he had made " on the shares," from grapes belonging to one Roe Whitehead; that he had disposed of his own share, but still had Whitehead's share, he having left it with the defendant

with instructions to sell it for him, or to deliver it to any one whom he might send for it. The prosecuting witness testified that at the request of several youths who were assembled at the house of a friend who was living on a farm which belonged to Roe Whitehead, he went to the house of defendant on Sunday, to obtain a gallon of wine. He told the defendant he had been sent by the boys, giving the names of several, among them the names of two who were nephews of Whitehead. The defendant delivered him a gallon of wine, and the prosecuting witness remarked, as he went to his horse : " The boys will settle for it, with you." The defendant replied " all right," and afterward said: " I don't sell wine on Sunday."

The defendant testified that he delivered the wine "supposing the boys had sent after it with Roe's knowledge." Defendant further testified that he did not sell the wine ; that he received no pay, and neither agreed or expected to receive pay for the wine from any one, either for himself or for Whitehead, but gave it to the prosecuting witness, " supposing that he had been sent for it by the boys on Whitehead's farm, with his knowledge."

The court declared the law as follows : " If the court sitting as a jury shall find from the evidence in this cause that defendant, Louis Gerber, in Jefferson county, Missouri, at any time within one year next before the finding of the indictment in this cause, on the first day of the week called Sunday, did sell and dispose of, to Willie Buren, one gallon of wine with the understanding that said wine was to be paid for, then the defendant is guilty of the offense charged in the indictment, and the court should so find."

For defendant the court gave the following : " Under an indictment for unlawfully selling, proof of unlawfully giving away or otherwise disposing of wine on Sunday will not support a conviction."

The following instruction, asked by the defendant, was refused by the court : " If the court sitting as a jury believe from the evidence in this case that the defendant,

Louis Gerber, a farmer, made wine out of grapes belonging to R. M. Whitehead on shares, and that Whitehead left his part of such wine in Gerber's custody, instructing him to sell the same for him (Whitehead) and to deliver the same to any one he (said Whitehead) might send after it, and that the witness Buren on the Sunday in question came to defendant's after a gallon of wine, and that defendant delivered the same to witness believing him to have been sent for it by said Whitehead, and that defendant took no pay for the same, and made no agreement or contract by which he was to receive pay therefor, then the verdict should be for defendant."

This instruction was properly refused for the reason that there was no testimony upon which to base it. There is no testimony whatever that the defendant delivered the wine upon the supposition or belief that Whitehead had sent for it. His own testimony was to the effect that he supposed the boys had sent for it, but with Whitehead's knowledge. This testimony would not fairly support a finding that Whitehead had sent for the wine. That statement is not inconsistent with a sale to the boys; but a delivery of the wine to the messenger of Whitehead, as the instruction puts it, would have been a delivery to Whitehead of what was his own, and of course no sale. The testimony is sufficient to support the finding and judgment of the court, and there being no error in refusing the instruction asked, the judgment will be affirmed. All the judges concur.